# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| SHADDONNA D. MILES | § | |
| | § | |
| V. | § | No. 5:15CV37-JRG-CMC |
| | § | |
| HOUSING AUTHORITY | § | |
| TEXARKANA, TX, ET AL. | § | |

## MEMORANDUM ORDER ADOPTING
## REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff Shaddonna D. Miles, proceeding *pro se* ("Plaintiff"), filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Plaintiff filed a complaint against the Housing Authority of Texarkana, Texas ("HATT") and its employee, Vickie Nelson (collectively "Defendants"), alleging Defendants discriminated against her based on disability. Plaintiff alleges HATT failed to provide assistance through its homeownership program, resulting in damages of $5,000,000.00.

HATT is a unit of government working with individuals in Bowie County, Texas to obtain housing. HATT, through a grant provided by the U.S. Department of Housing and Urban Development ("HUD"), operates the Affordable Homeownership Program to allow qualified applicants to buy and/or build a new home in a specified neighborhood. The homeownership program is a second-mortgage program. According to HATT, eligible applicants must obtain a first

mortgage to purchase a home; the program provides the second mortgage for the difference between the first mortgage and the construction price.

In two separate motions, Defendants move to dismiss Plaintiff's claims against them for failure to state a claim. According to Defendants, the Fair Housing Amendments Act extended the protections of the Fair Housing Act to handicapped individuals, making it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." *See* 42 U.S.C. § 3604(f)(1). Defendants assert they could not have discriminated against Plaintiff because of any alleged disability because Plaintiff had not satisfied all prerequisites to obtaining HATT's assistance with the Homeownership Program. Specifically, Defendants assert Plaintiff failed to obtain a loan from an independent lender, which is a prerequisite to HATT providing down-payment and cost assistance.

According to Defendants, Plaintiff also fails to establish she has a qualifying disability under the Fair Housing Act. While Defendant Nelson maintains Plaintiff was not discriminated against in any way, she also moves for dismissal based on qualified immunity, asserting a reasonable official in Nelson's position would not have know her actions violated a clearly established right.

## REPORT AND RECOMMENDATION

On November 12, 2015, the Magistrate Judge issued a Report and Recommendation, recommending Defendants' motions to dismiss be granted and that Plaintiff's case be dismissed with prejudice. According to the Magistrate Judge, HATT lists on its website the home buyer eligibility criteria for the Homeownership Program as follows:

- have a stable, verifiable income that does not exceed 80% of the area median income as determined by HUD;

2

- have sufficient creditworthiness to be able to secure a 30-year fixed market rate loan from a private lender at the maximum level commensurate with their income and the lender's underwriting criteria;

- have the ability to make a down payment of at least 1% or $1000 of the purchase price; and

- successfully complete a homeownership certification class as directed by the Housing Authority of the City of Texarkana, Texas (HATT).

In their motion, Defendants assert Plaintiff never received her first mortgage pre-qualification from an independent lender due to her poor credit score. In her response, Plaintiff did not dispute she never qualified for assistance. Instead, Plaintiff states Defendant Nelson presented her a Certificate of Completion for the Homeownership Program "without explanation" that she had "failed to satisfy all prerequisites for the HOPE 6 program." Dkt. No. 19 at 1. Plaintiff further states she was not informed she needed to continue to work toward the program's ultimate goal of being deemed "credit-worthy" or "mortgage-ready" by an independent mortgage lender. *Id.*

For these reasons, the Magistrate Judge found Plaintiff does not state a claim for relief against Defendants based on discrimination and recommended Plaintiff's case be dismissed with prejudice. As a separate reason supporting her recommendation, the Magistrate Judge found Plaintiff failed to establish, or even identify, what qualifying disability she has under the Fair Housing Act.

Specifically regarding Defendant Nelson, the Magistrate Judge found Plaintiff also cannot state a claim upon which relief can be granted because Nelson is subject to qualified immunity. According to the Magistrate Judge, Plaintiff fails to allege any specific acts indicating Nelson violated a clearly established right or that her actions were objectively unreasonable. Nor has Plaintiff alleged any specific facts demonstrating that every reasonable official would have understood the actions Plaintiff alleges were performed by Nelson would violate Plaintiff's rights.

3

Thus, the Magistrate Judge concluded Plaintiff had not abrogated the qualified immunity of Defendant Nelson, and Plaintiff's claims against her should be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6) for this additional reason.

**PLAINTIFF'S OBJECTIONS**

In her objections to the Report and Recommendation, Plaintiff first addresses, but does not dispute, her lack of creditworthiness. Plaintiff broadly argues HATT breached its duty to provide its interested public-housing and Section 8 residents, including Plaintiff, with effective education and counseling toward the goal of becoming credit-worthy and mortgage-ready to obtain the funds earmarked for the purposes of assisting in the down-payment and closing costs of a home purchase. Dkt. No. 22 at 2. According to Plaintiff, HATT failed to provide materials and instructions, and it did not have protocols in place for monitoring the progress of the program. *Id*. at 9.

Specifically, Plaintiff asserts Richard Herrington, HATT's Executive Director at the time, was remiss in his duty to ensure that program participants had the necessary access to their credit reports and to competent coordinator/instructors – the two most critical factors in any home buyer education program. *Id*. at 4. According to Plaintiff, Mr. Herrington refused to pay for computer programs which would have allowed for quicker and easier access to credit reports; instead, participants were "relegated to ordering them via the government-endorsed 'annualcreditreport.com' website, or phoning or writing, then waiting to receive them by mail - if [hey] ever got them at all." *Id.* at 3. Regarding her own situation, Plaintiff stated that after she was told she was ready to purchase a home, her credit reports later revealed her ex-mother-in-law (Donna Miles), who was deceased, had "racked up a lot of bad debt" in Plaintiff's name. *Id*. Plaintiff states she was "thrown

for a loop." *Id.*[1]

Plaintiff further assets Robert Nero, the program director hired by Mr. Herrington, had no relevant experience and was "always preoccupied with something else or rushing to get somewhere" anytime Plaintiff asked him about homeownership or the program. *Id.* at 4. According to Plaintiff, HATT later brought in a woman as executive director, and sometime between the "changing of executive directors," Defendant Nelson was hired to be the homeownership coordinator. *Id*. at 4-5. Plaintiff asserts Nelson lacks integrity, and HATT was negligent in hiring, training, supervising, and retaining persons after Robyn Edwards left the homeownership program.[2]

Plaintiff next addresses her "disability" or "handicap," asserting it is not of a visible nature. According to Plaintiff, she has mental, emotional, and psychological disorders which can sometimes pose "great obstacles" in her life and affect her moods and ability to comprehend. *Id*. at 6-7. Plaintiff states she brought up her disability in this case because of Defendant Nelson's "deed/hoax" of telling Plaintiff she was ready to buy a house; having Plaintiff pick out a house (and then lying to Plaintiff saying it had already sold when it had not); and directing her to purchase a $1000.00 money order payable to Stewart Title. *Id*. at 6-7.

Plaintiff assumes Nelson did these things because of Plaintiff's disability, thinking she could "get away with the lies and with $1,000.00. . . ." *Id.* at 7. Plaintiff asserts Nelson's actions are not in line with what a "reasonable official" would have done. *Id*. at 8. According to Plaintiff, because

---

[1] In HATT's answer, HATT states it was determined that the items on Plaintiff's credit report were in fact her purchases. Dkt. No. 12 at 2.

[2] Robyn Edwards also filed in this Court a complaint against HATT and Vickie Nelson, alleging the tort of defamation. *See* Cause No. 5:15cv36. The case was dismissed with prejudice on November 13, 2015.

5

of Nelson's lie, Plaintiff did not renew her expiring lease but instead rented a house with problems, thinking it would be only a temporary dwelling for her family. *Id.* Plaintiff asserts only later did she and her children move into a rental house Robyn Edwards was attempting to sell. *Id.* at 9.

## *DE NOVO* REVIEW

Although Plaintiff asserts HATT breached its duty in several ways in its administration of the homeownership program, Plaintiff does not dispute that to be eligible for the program a potential home buyer must have sufficient creditworthiness to be able to secure a mortgage from a private lender. Plaintiff does not dispute her lack of creditworthiness or the fact she was denied a loan for the home because of her low credit score. In her objections, Plaintiff acknowledges that everyone seeking to become a home owner, whether disabled or in the program or not, must meet the same "credit-worthy" or "mortgage-ready" requirements. Dkt. No. 22 at 6. Plaintiff states there is not anything "special" HATT could have done for her with regard to its program – "short of paying off [Plaintiff's] debts to raise [her] credit scores." *Id.* The Court agrees with the Magistrate Judge that Plaintiff cannot establish a claim for relief against Defendants based on discrimination when Plaintiff never qualified for assistance.

In her objections, Plaintiff elaborates that she has mental, emotional, and psychological disorders which can sometimes pose "great obstacles" in her life and which affect her moods and her ability to comprehend. Plaintiff also attached to her objections a November 17, 2015 letter from Dr. Roger House with Psychiatric Services, wherein Dr. House states the combination of Plaintiff's mental illness and emotional distress "due to the misfortune of not receiving her home through the Texarkana Housing Authority has increased her symptoms of depression, insomnia, mind racing, anxiety, more forgetful, and difficulty making decisions," causing emotional distress for her children

6

as well. Dkt. No. 22 at 11. Dr. House states the family needs a safe environment and stable place to live. *Id.*[3]

Section 3602(h) of the Fair Housing Act defines "handicap" as a physical or mental impairment which substantially limits one or more of such person's major life activities, a record of having such an impairment, or being regarded as having such an impairment. *See* 42 U.S.C.A. § 3602(h). As noted by the Magistrate Judge, Plaintiff fails to establish her alleged mental disability qualifies as a handicap under the Fair Housing Act. Plaintiff also fails to show Defendants were aware of any qualifying disability. Plaintiff has not stated a claim upon which relief can be granted under the Fair Housing Act for discrimination based on a handicap.

Finally, Plaintiff's claims against Defendant Nelson fail for the additional reason that Plaintiff has not abrogated the qualified immunity of Nelson.

Having reviewed the underlying briefing, the Report and Recommendation, and Plaintiff's objections, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is hereby

**ORDERED** that Defendant HATT's Motion to Dismiss (Dkt. No. 10); and Defendant Vickie Nelson's Motion to Dismiss (Dkt. No. 11) are **GRANTED**. It is further

**ORDERED** Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH**

---

[3] In her objections, Plaintiff acknowledges the rental house in which she currently lives has been "well maintained, has plenty of space for [her] children to play and grow (with six lots on which [she] can later build more); and no rowdy neighbors to bully them or take their toys." Dkt. No. 22 at 9.

**PREJUDICE**.

So **ORDERED and SIGNED this 5th day of January, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE